Sattig *v*. Small.

AUGUSTUS T. SATTIG *vs.* JAMES F. SMALL *et al.*

The petition set forth that defendant, by his promissory note, filed therewith, promised for value, to pay plaintiffs, partners, &c., a sum, giving it, which defendant failed to pay, except, &c., that plaintiffs are non-residents of the territory of Kansas; that a sum, giving it, is due plaintiffs, for which they pray judgment, verified by the attorney on belief. *Held*, that it states facts sufficient to constitute a cause of action.

This petition, filed August 7, 1858, "in the clerk's office in the district court for Leavenworth county, setting for the trial of causes arising under the constitution and laws of the United States," was entitled "in the first district court of the first judicial district of the territory of Kansas," and the summons duly issued thereon, was served according to law, on defendant in Leavenworth county. *Held*, that a demurrer thereto on grounds that the court has no jurisdiction of the person of defendant, nor of the subject matter of the action, that the petition is not verified as required by law, and fails to show either of plaintiffs to be citizens of another of the United States or of the territory of Kansas, and that they have not legal capacity to serve in this court, was properly overruled.

The "organic act" authorized the district courts to exercise such jurisdiction as might be conferred upon them by territorial law.

The territorial statutes of 1855 (*p.* 469) adopted the common law of a general nature (prior to 4 James I. except statutes for the punishment of crimes) so far as consistent with existing laws, "as the rule of action and decision," and therein as to rights of action and forms of remedy, and (*p.* 224,) gave exclusive jurisdiction to the district courts in all cases of equity, and in all civil cases within their respective districts when over one hundred dollars was in controversy, except where concurrent jurisdiction may be given to some other as the probate courts.

The defendant having been served in Leavenworth county, the district court therein setting had jurisdiction over his person. The code of 1858, (repealing and supplying the laws of 1855, pertaining to practice,) provided that actions like the one at bar should be brought in the county in which the defendant resided, or might be summoned.

The organic act contemplated that causes arising under the constitution and laws of the United States, and causes arising under the laws of the territory would be triable at every term, and in one court, and not that a district court of distinct jurisdiction, should be held for each of these classes of causes.

Leavenworth City, in Leavenworth county, was the placed fixed, pursuant to section sixth of the act of congress of August 16th, 1856, by the judges of the supreme court, for holding the district court in the first district.

Sattig *v.* Small.

The act of congress of June 12th, 1858, leaves the district courts as theretofore existing untouched as to jurisdiction and time and place of the holding thereof, but authorized the judges in each district to hold other courts in any of the counties of his district, at such time and place as the legislature mignt prescribe. "for the purpose of hearing and determining all matter and cases, except those in which the United States is a party."

The legislature prescribed the time and place for holding the new court in Leavenworth, as in other counties of the first district, with a jurisdiction extending to all cases cognizable in the old, except those wherein the United States was a party.

The jurisdiction of these two courts was concurrent, except in the one class of cases reserved in the act of congress from the new court; and over the case at bar, *it seems* either would have had jurisdiction without an allegation in the petition as to citizenship.

The petition in this case in the court below was headed "in the first district court of the first judicial district of the territory of Kansas," and set forth "that defendant, by his promissory note herewith filed, and dated April 2d, 1858, promised for value received, to pay plaintiffs, who were and are partners, &c.," the sum of one thousand seven hundred and fifty-seven dollars, which defendant, although requested, has failed to pay, except, &c., that plaintiffs "are non-residents of the territory of Kansas; that the sum of one thousand seven hundred and fifty-seven dollars, with interest, &c., subject to the credits aforesaid, is due plaintiffs, for which they pray judgment. The note payable one day after date, and bearing the discription given in the petition, was filed attached to the petition. The petition was indorsed, " filed with a precipe for summons August 7th, 1858." Summons was issued pursuant to the precipe on the petition and served on the defendant in the city of Leavenworth, August 9th, 1858, and returned August 10th, 1858. The record shows that the petition was "filed in the clerks office in the district court for Leavenworth county, setting for the trial of causes arising under the constitution and laws of the United States."

*W. P. Gambell,* for plaintiff in error.

The demurrer to the petition should have been sustained.

I. The court, setting for the trial of causes arising under the constitution and laws of the United States, had no jurisdiction of the cause, because the petition did not allege that the parties, plaintiff and defendant, were citizens of different states. (*See Organic Act,* § 27 ; *Laws U. S. Courts,* 139 *and Cases Cited ; Conklings Treaties ; Brightley's Digest, p.* 126, § 17.)

1. These territorial courts are legislative courts, created in virtue of the general right of sovereignty which exists in the government. (*Laws U. S. Courts,* 245, 6, 7 ; *Amer. Ins. Co. vs. Canter,* 1 *Peters,* 511, 546.)

2. The organic act only *confers* on these courts the same jurisdiction as is possessed by the circuit and district courts of the United States ; and there it provides that the jurisdictions (other jurisdiction) of these courts, "shall be as limited by law."

3. We must look to the laws of the territory in force at the time this suit was brought, to ascertain what jurisdiction, if any, was conferred upon these courts by the legislature. We find no law defining the jurisdiction of these courts, except in certain special matters. The code does not attempt to define the jurisdiction.

4. But, if we are all wrong on the last proposition, the court in which this action was brought, was not sitting for the trial of any other causes than those which properly arose under the constitution and laws of the United States. And the averments in this petition do not bring the case within that jurisdiction.

5. At that time, the law of congress was in force, providing for the holding of courts in the different counties, at the times and places designated by the legislature, for the trial of causes arising under the laws of the territory. (*Brightley's Digest.*)

6. After this law went into effect, there were two courts, although the same judge presided in both courts. Each had a separate and entirely different jurisdiction from the

other. The United States marshal was the executive officer of the one, and the sheriff of the proper county of the other; the expense of one court was borne by the United States—that of the other, by the territory. In the one court causes were tried by a jury, drawn by the marshal from the whole district; in the other by a jury drawn from the county. And I hardly think it will be seriously contended that a man could be indicted and tried for an offense against the laws of the territory in the court in which this action was brought.

7. My own notion is, that the United States government gave the district courts simply the same jurisdiction possessed by other United States courts, and left the territorial government to give them such other jurisdictions as the legislature should determine; and that the court below, as organized, was not exercising any but federal jurisdiction.

II. If the court had jurisdiction, the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff below, against the defendant.

1. The petition does not allege that the plaintiff in error ever made, executed, or delivered, the note on which the suit is brought.

2. There is no statement of facts showing that the defendants in error are the owners and holders of the note. If the allegation of the delivery of the note were in this petition, that might be held to be a good allegation as to the ownership of the note.

3. The note sued on, purports to have been given to the defendants as partners; yet they do not sue as such—are not described as such in the title of the cause.

4. This petition is not a good one under section one hundred and twenty-two of the code of 1858, authorizing a short form of pleading in certain cases. To render a pleading good under this section, the exact languge must

be followed. (*Bank of Geneva vs. Lulick*, 8 *How. Pr. R.*, 51; *Chappell vs. Bissell*, 10, *id.* 275; *Voorhies Code, pp.* 235, 240, 250, *Ed.* 59.)

By the Court, EWING, C. J. The transcript certifies the proceedings in this case to have been had in "the district court for Leavenworth county, sitting for the trial of causes arising under the constitution and laws of the United States."

Counsel for plaintiff in error insist that the district court should have sustained the demurrer to the petition, because the court had no jurisdiction of the case.

First. Because the petition does not bring ths case within the jurisdiction "vested in circuit and district courts of the United States, in cases arising under the constitution and laws of the United States."

Second. Because that is the only jurisdiction conferred on the district courts in Kansas by laws of the United States.

Third. Because the laws of Kansas, when this suit was brought and judgment rendered, conferred no jurisdiction whatever on the district court.

Fourth. If any district court in Leavenworth county had cognizance of the cause, it was "the district court sitting for the trial of causes arising under the laws of Kansas," and not "the district court for the trial of causes arising under the constitution and laws of the United States."

The statement in the first proposition is correct, but not of itself sufficient; the statement in the second, we need not consider.

It cannot be denied that the organic act, which created the district courts, authorized them to have and exercise such jurisdiction as might be conferred upon them by the laws of the territory.

It matters not in this case, whether by force of statutes of any of the territories of which Kansas, at different times, was part. The common law was in force here when the organic act passed.

Sattig *v.* Small.

By law of 1855 (*Statutes, p,* 469,) the common law of England and all statutes prior to 4 James I. not local to that kingdom, and of a general nature, except statutes for the punishment of crimes and misdemeanors, were adopted "as the rule of action and decision in the territory." This adopted the common law as to rights of action and forms of remedy so far as it was consistent with the constitution and laws of the United States, and the statutes of Kansas. And by law of the same year, (*Statutes* 1855, *p.* 224,) it is provided that the district court shall have exclusive jurisdiction in all cases of equity whatsoever, and in all civil actions or suits within their respective districts, where the amount in controversy shall exceed one hundred dollars, except in such cases where concurrent jurisdiction may be given to some other courts, meaning probate courts. Laws regulating practice at law and in chancery, were passed at the same session which had been repealed and supplied by the code of 1858 before suit in this cause was commenced. By that code, it was provided that suits such as this should be brought in the county in which defendant resided, or might be summoned.

The territorial statutes declared a right of action on the cause shown in this record, prescribed the mode of remedy, and gave jurisdiction to the district court sitting in Leavenworth county, the defendant having been there summoned.

It is clear that the organic act did not contemplate that two district courts of distinct jurisdiction, should be held—one with jurisdiction over cases arising under the constitution and laws of the United States, and the other over causes arising under the laws of the territory. The provision that "the first six days of every term, or so much thereof as may be necessary, shall be appropriated to the trial of causes arising under the said constitution and laws," evidently contemplated that both those classes of causes would be triable at every term, and in one court.

The sixth section of the act of congress of August 16th, 1856, provides that the judges of the supreme court of the territory, or a majority of them, shall fix the times and places of holding the district courts, and the duration of the terms, and provides that such courts shall not be held at more than three places in the territory. Leavenworth City, in Leavenworth county, was the place fixed by the judges, under the law, for holding the district court, in the first district.

The second section of the act of congress of 12th of June, 1858, provides: "The judges of the supreme court of each territory of the United States are hereby authorized to hold court within their respective districts, in the counties where, by the laws of said territory, courts have been or may be established, for the purpose of hearing and determining all matters and causes, *except those in which the United States is a party*, provided, that the expense thereof shall be paid by the territory, or by the counties in which said court may be held, and the United States shall, in no case, be chargeable therewith."

This act, we think, leaves the district courts, as theretofore existing, in all respects untouched. It still remained the duty of each judge to hold one court in his district, at such time and place, and for such length of time as the majority of the judges should prescribe, and such courts, so held, retained all the jurisdiction theretofore conferred on the district courts, as well in cases arising under the laws of Kansas as in those arising under the consitution and laws of the United States.

The act last quoted, authorizes the judges of each district to hold other courts in any of the counties of his district, at such time and place as the legislature of the territory might prescribe, "for the purpose of hearing and determining all matters and cases, except those in which the United States is a party." The legislature prescribed time and place for holding the new court in Leavenworth county, as in other counties of the first district, and the jurisdiction of the new

Sattig *v*. Small.

court in that county extended to all cases cognizable in the old, except those where the .United States was a party, just as did the jurisdiction of those other counties. The fact that the two courts sat in the same county, one by appointment of the judges, the other by the law of the territory, did not affect the jurisdiction either would have had, if the other had been held elsewhere, or not held at all. Their jurisdictions were concurrent, excepting in the one class of cases reserved in the act of congress from the new court.

Either of the district courts in Leavenworth county would have had jurisdiction of the case, under the laws of Kansas, without the allegation in the petition as to citizenship of the parties.

The objections to the petition, on the ground of a want of jurisdiction having been considered, it is only necessary to say that the other objections specified in the demurrer, are not well taken, and that the petition, though very loosely framed, states facts sufficient to constitute a cause of action.

The demurrer, therefore, was properly overruled.

It is ordered by the court, that the judgment rendered in the district court, in this case, is affirmed. Judgment here against plaintiff in error for costs, and execution awarded thereon.

[NOTE.—The brief of WHEAT, attorney for defendants in error, was lost, and his name accidently omitted.—REPORTER.]